IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MANGINO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 07-cv-370 |
| ) | Judge Nora Barry Fischer |
| ) | |
| PENNSYLVANIA TURNPIKE ) | |
| COMMISSION, et al. ) | |
| ) | |
| Defendants. ) | |

## **ORDER OF COURT**

Following hearing and upon further consideration of the Motion for Preliminary Injunction brought by plaintiffs William Mangino, Diane Gallo, Paula Henderson, Kirk Miller, Lisa Mulik and Darlene Tuccinard (collectively, "Plaintiffs") ("Plaintiffs' Motion") (Docket No. 4), brief in support thereof (Docket No. 5), response and brief in opposition to Plaintiffs' Motion of defendants Pennsylvania Turnpike Commission and Turnpike, Soft Drink, Beer Distributor and Miscellaneous Employees, Teamsters Union Local No. 250 (Docket Nos. 19, 20), response and brief in opposition to Plaintiffs' Motion of defendants Joseph G. Brimmeier and Anthony Q. Maun (Docket Nos. 22, 23), Plaintiffs' Reply Brief (Docket No. 26), Plaintiffs' Submission of Supplemental Authority in Support of Their Motion for Preliminary Injunction (Docket No. 33) and the Response of Defendants thereto (Docket No. 34), it is HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction is DENIED for the reasons set forth below.

A party seeking a preliminary injunction must show (1) a reasonable probability of success on the merits; (2) that irreparable harm will result if relief is denied; (3) granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) granting

the preliminary relief will be in the public interest. *Allegheny Energy, Inc. V. DOE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999). The party moving for preliminary injunctive relief has the burden of showing irreparable injury. *Oburn v. Shapp*, 521 F.2d 142, 151 (3d Cir. 1975). Moreover, a party cannot succeed simply by establishing a risk of irreparable harm. *ECRI v. McGraw Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). Instead, the moving party must make a clear showing of immediate, irreparable injury. *Id.*

Plaintiffs have failed to make a clear showing that they will suffer immediate, irreparable injury if injunctive relief is denied at this stage. As set forth in *Hohe v. Casey*, 868 F.2d 69 (3d Cir. 1989), assertion of First Amendment rights does not automatically require the finding of irreparable harm needed for issuance of a preliminary injunction. *Id.* at 73. In order to show irreparable harm, Plaintiffs must show "a chilling affect on free expression." *Id.* Indeed, Plaintiffs must show a "direct penalization, as opposed to the incidental inhibition, of First Amendment rights" in order to prove that an irreparable injury will occur. *Id.*

Instead, in support of their claims, Plaintiffs offered limited testimony to show only that they pay non-member dues of approximately $600 per year, that they feel that this amount is miscalculated and that they believe that their dues are used to pay contributions to political candidates. (Transcript of Hearing, May 18, 2007, at p. 28-29, 34-35). Plaintiffs, however, have failed to adduce any evidence that the amount of dues paid by non-members is *actually* miscalculated. Moreover, Plaintiffs failed to present evidence that their dues are contributed to political candidates or that continued collection of dues otherwise violates their First, Fifth or Fourteenth Amendment rights.

Accordingly, this Court HEREBY DENIES Plaintiffs' Motion for Preliminary Injunction.

IT IS FURTHER ORDERED that the stay ordered by this Court in its Order dated June 20, 2007 (Docket No. 37) permitting this case to go to mediation is hereby lifted and this case shall proceed per the Court's Order of June 15, 2007. It is FURTHER ORDERED that the Court will hold a status conference to address discovery and maintenance of the escrow account on **August 6, 2007 at 1:00 pm**. Counsel may attend by telephone.

BY THE COURT:

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: counsel of record