**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM MANGINO, et al.,                )
                                         )
        Plaintiffs,                      )
                                         )
    vs.                                  )        Civil Action No. 07-00370
                                         )
PENNSYLVANIA TURNPIKE                    )
COMMISSION, et al.,                      )
                                         )
        Defendants.                      )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Plaintiffs' Supplemental Motion for Attorney's Fees,

Costs and Expenses (Docket No. 135) filed on November 12, 2009 for fees and costs incurred by

their counsel, W. James Young, Esquire,[1] in opposing Defendants Local 250's[2] (hereafter "Local

250" or "union local" or "local") Motion to Dissolve the Permanent Injunction (Docket No. 132)

and in preparing the instant motion. In this motion, Plaintiffs claim 26.60 hours at a rate of

$400/hour. On November 13, 2009, Local 250 filed a Response (Docket No. 136), arguing that

Plaintiffs' petition was premature, excessive and duplicative. (*Id.* at 1-2). Specifically, the local

argues hours charged for Mr. Young's review of the documents attached to Local 250's motion

(3.90), Local 250's ten paragraph, 2 ½ page motion (2.0), and for preparing Plaintiffs' nine-page

motion for fees (4.40) are excessive and duplicative. (Docket No. 136 at 1-2). Indeed, Plaintiffs'

---

[1]    Mr. Young is an attorney with the National Right to Work Legal Defense Foundation, Inc., a non-profit charitable organization providing free legal aid to Plaintiffs. *See http://www.nrtw.org/en/about*; last visited December 11, 2009. Even though Mr. Young does not charge Plaintiffs for his services rendered, he does seek attorney's fees pursuant to 42 U.S.C. § 1988.

[2]    International Brotherhood of Teamsters Local Union No. 250, based in Pittsburgh, Pennsylvania, represents members from twenty-three different employers in the City of Pittsburgh and throughout Western Pennsylvania, including employees of the Pennsylvania Turnpike Commission ("PTC"). *See http://www.teamsters250.org/*; last visited December 11, 2009. Local 250, as an "employee organization" within the purview of the Public Employee Fair Share Fee Law, 43 Pa. Stat. Ann. §§ 1102.1, *et seq.*, is the exclusive representative of Turnpike employees in negotiating their collective bargaining agreements with the PTC. (Docket NO. 66 at 2).

motion was filed prematurely in that the Court had not yet ruled on Local 250's Motion to Dissolve. In their supplemental fee petition, Plaintiffs request fees "should [they] prevail." (Docket No. 135 at 2). Local 250's motion was denied on December 7, 2009 (Docket No. 140), making Plaintiffs the prevailing party[3] for purposes of awarding fees and costs. Local 250 does not contest Plaintiffs' status as the prevailing party.

Plaintiffs filed a Supplemental Declaration in support of their motion (Docket No. 142) on December 7, 2009, requesting additional fees and costs for Mr. Young's traveling to, attending, and returning from the oral argument on Local 250's motion on November 23, 2009. (*See* Docket No. 137). In this regard, Plaintiffs claim an additional 18.30 hours since the filing of the Supplemental Motion and costs in the amount of $525.64. (Docket No. 142). Local 250 did not file an opposition to Plaintiffs' supplement.[4]  By their submissions, Plaintiffs request a total award of attorney's fees in the amount of $17,960.00 (based on 44.90 hours at $400 per hour) as well as costs in the amount of $525.64.  (Docket No. 135 at 7; Docket No. 142 at 2). Upon consideration, the Court grants Plaintiffs' request in part, as the Court sustains Local 250's general objections that the fees sought are excessive and duplicative and its specific challenges to certain of the fees and costs sought by Plaintiffs. (*See* Docket No. 136 at 1-2). The Court will

---

[3]

In order to be classified as the "prevailing party," a party must prevail on "any significant claim affording some of the relief sought." *Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989); *Truesdell v. Philadelphia Housing Auth.*, 290 F.3d 159, 163 (3d Cir. 2002). The relief sought must be related to the underlying merits of the claim and "material[ly] alter[]" the relationship between the plaintiff and the defendant. *Tex. State*, 489 U.S. at 792-93; *Hewitt v. Helms*, 482 U.S. 755, 761 (1987). A party can be considered "prevailing" even if the relief obtained is the result of a consent decree, that is, the proper focus is whether the plaintiff has been successful on the central issue, as exhibited by the fact that he has acquired the primary relief sought. *Iranian Students Assoc. v. Edwards*, 604 F.2d 352, 353 (5th Cir. 1979). That a party obtained the relief sought through a concession or consent decree is irrelevant to the entitlement to attorney's fees. *Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980); *see also Maher v. Gagne*, 448 U.S. 122 (1980).

[4]

Defendant initially inquired as to whether the Court would entertain such supplement then decided it would not submit anything further.

now address the Plaintiffs' Motion in light of *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and its progeny.

## STANDARD

Pursuant to 42 U.S.C. § 1988, district courts are authorized to award prevailing parties reasonable attorney's fees in civil rights litigation, "unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429 (quoting H. Rep. No. 94-1558, p. 1 (1976), S. Rep. No. 94-1011, p. 4 (1976)); *McKenna v. City of Phila.*, 583 F.3d 447 (3d Cir. 2009). A prevailing party is not automatically entitled to compensation for attorney's fees in their entirety; rather the party seeking such attorney's fees bears the burden to prove the reasonableness of its request. *Interfaith Community Organization v. Honeywell*, 426 F.3d 694, 711 (3d Cir. 2005); *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Therefore, the amount of the attorney's fees must turn on the facts in each case, and the district court should determine what fee is reasonable. *Hensley*, 461 U.S. at 433.

The Supreme Court in *Blum v. Stenson*, 465 U.S. 886 (1984), stated that the initial estimate for attorney's fees is obtained by multiplying a reasonable hourly rate by a reasonable number of hours expended in the litigation. *See Hensley*, 461 U.S. at 433. This formula, often referred to as the lodestar, serves as an objective basis to make an initial assessment of the "value of the lawyer's services." *Id*; *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986) (explaining the lodestar approach). The United States Court of Appeals for the Third Circuit has adopted the community market rate rule. *Student Pub. Interest Research Group v. AT&T Bell Lab.* ("*SPIRG*"), 842 F.2d 1436, 1448 (3d Cir. 1988). This rule requires the court to "assess the experience and skill of the attorneys and compare their rates to those of comparable lawyers in the private business sphere." *Id.* at 1447. The prevailing party bears the burden of establishing that its requested hourly rate meets this comparable market

standard by way of satisfactory evidence. *Washington v. Philadelphia County Court of Common Pleas*, 89 F. 3d 1031, 1035 (3d Cir. 1996)(quoting *Blum*, 465 U.S. at 895 n. 11).

Attorneys seeking compensation for their fees must also document their hours with "sufficient specificity" "to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Washington*, 89 F.3d at 1037 (quoting *Rode*, 892 F.2d at 1190). Where this documentation is inadequate, a prevailing party's hours may be reduced. *Hensley*, 461 U.S. at 433. The fee petition should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations" to determine adequate documentation. *Washington*, 89 F.3d at 1037-38. Nevertheless, the prevailing party need not go so far as to "know the exact number of minutes spent nor the precise activity to which each hour was devoted or the specific attainments of each attorney." *Id.* If the opposing party makes specific objections to the attorney's fees, a court must "go line by line through the billing records." *Evans v. Port Authority of New York and New Jersey*, 273 F.3d 346, 362 (3d Cir. 2001). The court must then "exclude those [hours] that are excessive, redundant or otherwise unnecessary." *Interfaith*, 426 F.3d at 711.

The Supreme Court in *Hensley* instructs a district court to assess the reasonableness of a fee request by referring to twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3.[5]  Such factors aim to award fees "which are adequate to attract competent counsel, but which do not produce windfalls to attorneys." *Id.*  at 433 n. 4.  In conducting this analysis, a district court is afforded substantial discretion. *Id.*  at 430; *Lanni v. N.J.*, 259 F.3d 146, 148 (3d Cir. 2001)(citing *Silberman v. Bogle*, 683 F.2d 62, 64-65 (3d Cir. 1982)).

## ANALYSIS

Plaintiffs' total request for fees for 44.90 hours of work expended by Mr. Young breaks down as follows:

| Task Performed | Hours Expended |
|---|---|
| Review of correspondence from Local 250 (Docket No. 132-4 132-6, 132-8) | 1.30 |
| Review of attachments to the local's motion to dissolve (Docket Nos. 132-3 - 132-9) | 3.90 |
| Review of local's motion to dissolve (Docket No. 132) | 2.00 |
| Prepare, research, work on, finalize and file Plaintiffs' opposition to union's motion to dissolve (Docket No. 133) | 15.00 |
| Research for and work on Plaintiffs' supplemental motion for fees and costs (Docket No. 135) | 4.40 |
| Prepare for and travel to and from Pittsburgh for November 23, 2009 argument | 11.50 |
| Prepare for and attend the oral argument | 3.25 |
| Research for and prepare Plaintiffs' supplemental submission for the Court (Docket No. 141) | 1.80 |
| Review of the Court's Memorandum Opinion on the local's motion to dissolve (Docket No. 139), email from | 1.25 |

---

[5]

These twelve factors are derived from the Unites States Senate House Report No. 94-1558 (1976) related to Congress' enactment of the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation. *See also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

law clerk, and prepare formal supplemental submission
to be filed on the docket (Docket No. 141)

Prepare supplemental declaration in support of                                    0.50
supplemental motion for attorney's fees and costs (Docket No. 142).

(Docket Nos. 135-2 and 142-2). By way of a further breakdown, 26.60 hours relate to Mr.

Young's work prior to the Court's ruling on the motion to dissolve, and 18.30 hours relate to his

travels to and from Pittsburgh, preparing for the hearing, and in completing Plaintiffs'

supplemental authority (*see* Docket No. 141) and the supplemental declaration in support of the

instant motion. (Docket No. 142-2).

Initially, Local 250 generally objects that Plaintiffs' request includes fees which are

excessive and duplicative. (Docket No. 136).  On this point, Local 250 argues that a lawyer with

Mr. Young's extensive experience in this area of the law should not have required 26.60 hours to

review and prepare a response to the motion to dissolve. (*Id.* at 2). Secondly, it challenges

Plaintiffs' fee request in the following specific areas arguing that the hours charged are excessive

and duplicative: (1) 3.90 hours for reviewing the documents attached to Local 250's motion; (2)

2.0 hours for reviewing Local 250's ten paragraph, 2 ½ page motion; and (3) 4.40 hours for

preparing Plaintiffs' nine-page motion for fees. (Docket No. 136 at 1-2). In response, Plaintiffs

contend that their fee petition is reasonable and supported by adequate documentation. (Docket

No. 135 at 6-7).  The Court will address the union local's challenges and the reasonableness of

Plaintiffs' fee request in light of *Hensley*'s twelve factors.

### A.    *Hensley Factors*

#### 1.    Time and Labor Required

##### a.    Excessiveness and Redundancy Objection

As to Local 250's general objection arguing excessiveness and redundancy, at the outset,

the Court notes that Mr. Young does not employ an associate, paralegal or a research assistant,

which should have resulted in lower fees for some of the research he performed in challenging the local's motion to dissolve and preparing Plaintiffs' supplemental fee petition. *See e.g. Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001)(court held that it was neither fair nor reasonable for an attorney who performed nearly all the work himself to claim the highest billable rate).  In handling cases that require substantial legal research and writing, "it seems only prudent and cost effective to use law clerks and paralegals...given their reduced hourly rate." *Santino v. Astrue*, Civ. A. No. 06-75, 2009 U.S. Dist. LEXIS 33723, at *10 (N.D. Ind. Apr. 20, 2009); *see also Prudential Ins. Co. of Am. V. Fantaye*, Civ. A. No. 08-3172, 2009 U.S. Dist. LEXIS 13534 *6-7(D.N.J. Feb. 19, 2009)(reducing fee award for the preparation of a memorandum to the cost that would have accrued if it were prepared by a paralegal rather than an associate); *Defurio v. Elizabeth Forward Sch. Dist.*, Civ. A. No. 05-1227, 2008 U.S. Dist. LEXIS 47707, at *7 n.1 (W.D. Pa. June 19, 2008)(finding rates for various associates and paralegals that worked on the case to be reasonable). If attorneys are not encouraged to reduce costs by assigning research and drafting to associates with lower billing rates, they would be influenced by the motto: "if someone else is buying lunch, why not order lobster bisque instead of grilled cheese?" *Centurytel of Fairwater-Brandon-Alto, LLC v. Chart*, Civ. A. No. 08-470, 2009 U.S. Dist. LEXIS 29717, at *9 (W.D. Wisc. Apr. 8, 2009)(court reduced fees based on senior attorney research).  As such, for Mr. Young to claim the high reimbursement rate of $400 for the range of tasks he performed is unreasonable. *Loughner*, 260 F.3d at 180.

For his work in preparing Plaintiffs' 11 page Opposition (Docket No. 133) to the local's motion, Mr. Young billed a total of 15.00 hours. (Docket No. 135-2). Upon this Court's review, it appears that a significant portion of the Opposition (Docket No. 133) contains duplicative discussion and case law derived from Plaintiffs' Motion for Summary Judgment and supporting Brief. (Docket Nos. 48 and 49). The Court finds that even with new arguments and facts

presented by the local's motion to dissolve, Plaintiffs' response could have been completed in half the time taxed. *See Baker v. John Morrell & Co.*, 263 F.Supp.2d 1161 (N.D. Ia. 2003)(in the face of arguments that the fees claimed are duplicative or excessive, a court should carefully review the documentation supporting the request to determine the reasonableness of the same).

Accordingly, for the foregoing reasons, the Court will reduce the 15.00 hours requested for Mr. Young's work on Plaintiffs' Opposition by one-third, to 10.00 hours. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)(court reduced number of hours awarded when a lawyer performs unnecessarily duplicative work); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 191 (3d Cir. 2005)(work that is duplicative of the efforts of counsel will not normally be fully compensated). This produces an adjusted total of 39.90 hours.

b.      Travel Time in Light of Claim of Excessiveness

Although Local 250 has not produced contradictory evidence nor objected to the additional fees and costs advanced by Plaintiffs for Mr. Young's travel to Pittsburgh, Pennsylvania from Springfield, Virginia and his attendance at the hearing on November 23, 2009 (*See* Docket No. 142 at 1-2; Docket No. 137), the Court will analyze the reasonableness of these attorney hours pursuant to its obligation under *Hensley*.

As noted, Mr. Young billed a total of 18.30 hours after he completed and filed Plaintiffs' Supplemental Motion for fees. (Docket No. 142-2). For the November 23, 2009 oral argument, Mr. Young drove to and from Pittsburgh. (Docket No. 142-2). He billed 11.50 hours for this time. (Docket No. 142-2 at 1). While driving, Mr. Young was not doing legal work per se.[6] Admittedly, he could have been servicing other clients in that time period. However, there is no

---

[6]
       It is possible that Plaintiffs' counsel was listening to deposition testimony, participating in a conference by speaker phone with his clients, or listening to updates in the law. However, Plaintiffs have not provided any evidence to this effect.

evidence of same. Although Mr. Young's time spent in travel may have ultimately benefitted Plaintiffs as his in person appearance may have added to his argument, "it probably was not as productive as time at the office or in court." *Jennette v. New York*, 800 F.Supp. 1165, 1169 (S.D.N.Y. 1992)(citation omitted).

This Court has discretion to award fees and costs for travel time and expenses, as long as they are not unreasonable, excessive or unnecessary. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204 (3d Cir. 1995); *Valenti v. Allstate Ins. Co.*, 243 F.Supp.2d 200, 215 (M.D. Pa. 2003)(noting that while some courts have allowed compensation for travel time where it was necessary to that representation, other have compensated for travel at less than the hourly rate); *see also Planned Parenthood v. AG*, 297 F.2d 253 (3d Cir. 2002)(in the local community, travel time may be compensated at the market rate)(citing *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989)(which held that out-of-pocket expenses are to be valued and billed accordingly to the practice in the community)). Several district courts within the Third Circuit have reduced the hourly rate used to calculate travel time on the basis that traveling does not draw upon the attorney's experience or expertise, while others have completely excluded travel time. *See Rite Aid of Penna., Inc., v. Houstoun*, Civ. A. No. 09-2120, 1999 U.S. Dist. LEXIS 804 (E.D. Pa. 1999)(listing other cases); *Interfaith*, 426 F.3d at 710.

The Court is mindful that in *Kresky Enterprises Corp. v. Majid*, 716 F.2d 215, 216-17 (3d Cir. 1983), the United States Court of Appeals for the Third Circuit reversed the district court's elimination of all the hours claimed for travel time. In reversing, the Court of Appeals rejected the notion that plaintiff was not entitled to fees for travel costs simply because plaintiff hired Philadelphia counsel over Pittsburgh counsel notwithstanding his knowledge that there were capable Pittsburgh attorneys who could manage the case and that the case would be tried in Pittsburgh. *Id.* at 217. The Court of Appeals held that because plaintiff's counsel was from the

9

same state and because plaintiff chose his counsel due to his involvement in other similar antitrust cases, selection of counsel from outside the forum was reasonable and appropriate. *Id.* at 217-18.

The Court of Appeals for the Third Circuit, however, has subsequently held that "under normal circumstances, a party that hires counsel from outside of the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel." *Interfaith*, 426 F.3d at 710; *see also Hahneman Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 311 (3d Cir. 2008)(rejecting claim for travel time and associated expenses since there was nothing in the record showing that forum counsel were unwilling to represent plaintiff). "However, where forum counsel are unwilling to represent plaintiff, such costs are compensable." *Id.*

This case in distinguishable from *Kresky*, *supra*, and in keeping with *Interfaith*, *supra*, in that Plaintiffs' counsel is not based in Pennsylvania, but in Springfield, Virginia. The Philadelphia counsel in *Kresky* was chosen by the plaintiff because of his involvement in other antitrust litigation. *Kresky*, 716 F.3d at 218. Even though Mr. Young is undoubtedly familiar with various facets of union law, having litigated over 16 similar cases,[7] there is no evidence that Plaintiffs could not have obtained similar expertise from counsel within this forum. Moreover, the defendant in *Kresky* also chose Philadelphia counsel. *Id.*  As a result, the selection of counsel from one city, i.e. Philadelphia, reduced the total cost and number of hours expended in that litigation. That is not the case here. Local 250's counsel's office is located in downtown Pittsburgh. Yet, Plaintiffs chose to file their lawsuit in Pittsburgh while retaining counsel with an office over 240 miles away in Virginia. *See Kurschinske v. Meadville Forging Co.*, Civ. A. No. 06-87, 2008 U.S. Dist. LEXIS 76281 at *12 (W.D. Pa. Sept. 30, 2008)(a district court can take

---

[7]

*See also* discussion, *infra*, at pgs. 16-17.

judicial notice of the travel time between cities based on internet mapping services)(citing *Gordon v. Lewistown Hosp.*, 272 F.Supp.2d 393, 429 n.34 (M.D. Pa. 2003), *aff'd* 423 F.3d 184 (3d Cir. 2005), *cert. denied*, 547 U.S. 1092 (2006)). Plaintiffs have not shown either that this case required special expertise beyond the competence of in-state counsel or that any such attorneys with the requisite expertise were unable or unwilling to take the case. *See Hahneman*, 514 F.3d at 312; *Kurschinske*, 2008 U.S. Dist. LEXIS 76281, at *12.  Further, Mr. Young having appeared before this Court throughout the pendency of this case could have requested leave to appear by telephone, something which this Court encourages to minimize expense of litigation.[8] Therefore, the Court finds that Mr. Young's billing for travel and expenses are unnecessary and excessive in light of the circumstances of this case and particularly, at this stage of the litigation. *C.f. Defurio,* 2008 U.S. Dist. LEXIS 47707 (this court awarded fees and costs at half the requested hourly rate for local counsel's travel to meet with client and witnesses which was found to be necessary under the circumstances to assess the witness' credibility).

Consequently, the Court will exclude the fees associated with Mr. Young's travel to and from Pittsburgh for the November 23, 2009 hearing, i.e. 11.50 hours. The Court will also exclude the sum of $525.64[9] in expenses incurred by Mr. Young in his travels. *Pretlow v. Cumberland*, 2005 U.S. Dist. LEXIS 35547 (D.N.J. 2005)(finding that in the absence of any showing that plaintiffs were unable to hire counsel within the forum, plaintiffs' counsel was not entitled to reimbursement for costs in addition to travel time.). These reductions result in an adjusted total 28.40 hours in attorney time and the elimination of costs in the amount of $525.64

---

[8]

In fact, the courtroom is well-equipped with regard to remote access with both audio and video conferencing capabilities.

[9]

Generally under section1988, a plaintiff is entitled to recover an award for out-of-pocket expenses incurred by their counsel in furnishing effective and competent representation 42 U.S.C 1988(b); *Planned Parenthood*, 297 F.3d at 267; *McDonald v. McCarthy*, 966 F.2d 112 (3d Cir. 1992).  Here, Plaintiffs request an award of costs for Mr. Young's travels in the amount of $525.64 for hotel, mileage, tolls, etc. (Docket No. 142-2 at 2-3).

c.      Specific Objections

Turning to Local 250's specific objections to Plaintiffs' claimed hours, the Court, after reviewing Mr. Young's billing entries line by line, per *Evans*, *supra*, makes the following determinations regarding the number of hours expended by Mr. Young in light of the time and labor required to challenge the local's motion to dissolve.

First, the Court finds that 3.90 hours for Mr. Young's review of the documents attached to Local 250's motion is excessive. The attachments total 131 pages (Docket Nos. 132-3 -132-9), however, the union's revised policies and procedures upon which it based its motion to dissolve total only 48 pages (Docket No. 132-9). The other documents consist of, *inter alia*, correspondence between counsel which Mr. Young had already received and reviewed. (Docket Nos. 132-2 - 132-8). While the Court acknowledges the necessity of reviewing these documents to adequately respond, the Court nevertheless finds that 3.90 hours is excessive given Mr. Young's skill and prior experience. *Hensley*, 461 U.S. at 430 n.3. The Court and her law clerk each reviewed said documents in preparing for the argument on November 20, 2009. Neither spent more than 2.0 hours. Therefore, the Court reduces the hours billed for reviewing the attachments by 1.90 to 2.0 hours, producing an adjusted total of 26.5 hours.

Second, the Court finds that 2.0 hours for Mr. Young's review of the union local's motion is also excessive. As noted by Local 250, its 2 ½ page motion consists of ten paragraphs (Docket No. 132). At the November 23, 2009 hearing, Plaintiffs' counsel argued that 2.0 hours to review the union's motion is reasonable as it was necessary to compare the union's revised policies with its original policies, which the Court found unconstitutional. (*See* Docket No. 66; Docket No. 67). But, the Court notes that Mr. Young's billing entry for these 2.0 hours does not specify that he reviewed the original policies. Moreover, having litigated this case, Mr. Young is undoubtedly very familiar with the original polices as he challenged them. In this Court's

12

estimation, based on Mr. Young's skill and experience with this case and numerous other similar matters,[10] 2.0 hours to accomplish a review of the union local's motion even with attachments seems unreasonable. *Hensley*, 461 U.S. at 430 n.3. Accordingly, the Court reduces these hours by 1.70 hours to 0.30 hours. The new total of attorney hours chargeable to the local's motion to dissolve becomes 24.80.

As to Local 250's third objection to the number of hours expended by Mr. Young in preparing the instant motion for fees and costs, the Court notes that the federal fee shifting statute provides for an award of fees for time spent in litigating a fee petition. *Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3d Cir. 1998); *David v. City of Scranton*, 633 F.2d 676, 677 (3d Cir. 1980). During oral argument, Plaintiffs' counsel asserted that because Plaintiffs bear the burden of proving the reasonableness of Mr. Young's fees, he was justified in erring on the side of caution in conducting further research in preparing the present fee petition. (*See* Docket No. 135-2 at 3). However, the Court agrees with Local 250 that 4.40 hours in attorney time is unnecessary and excessive given that Local 250 does not contest that Plaintiffs are entitled to fees. (*See* Docket No. 136 at 1).

As previously noted, Plaintiffs filed their motion for fees and costs prematurely and are now seeking fees for an additional 0.50 for time Mr. Young spent in preparing the supplement to their motion. Plaintiffs' counsel could have prepared one motion following argument. He did not. In addition, the instant fee petition (Docket No. 135) and the interim petition filed by Plaintiffs on March 3, 2009 (Docket No. 94) contain duplicative case law and related discussion.[11] *See Moreno*, 534 F.3d at 1112; *In re Cendant Corp. Sec. Litig.*, 404 F.3d at 191 (3d

---

[10]

*See* discussion *infra*, at pgs. 16-17.

[11]

Specifically, both briefs cite to over 20 identical cases and nearly 3 pages of text are verbatim. (*See* Docket No. 135 at 2-5; Docket No. 94 at 3-6).

Cir. 2005)(duplicative work will not normally be compensated).  In light of this duplication, 4.40 hours taxed for research and preparation of Plaintiffs' Supplemental Motion for fees and costs is unreasonable. *Luessenhop v. Clinton County*, 558 F.Supp.2d 247, 271 (N.D.N.Y. 2008)(court reduced fee application by half because of rehashed case law and arguments). Moreover, there were no issues that appeared to have required extensive research or argument that would entail such an expenditure of time. *Centurytel*, 2009 U.S. Dist. LEXIS 29717, at * 9-10 (21 hours claimed by seniors attorneys was a lot of time to prepare 6 page motion and 4 page affidavit for fees given that "these attorneys all have won fee shifting motions before."). Therefore, the Court will not award fees for the time spent in preparing Plaintiffs' supplement to their fee petition, i.e. for 0.50 hours, and will reduce the number of hours spent on the pending fee petition by 2.90 hours to 1.50 hours. *Parker v. Town of Swansea*, 310 F.Supp.2d 376 (D. Mass. 2004)(fundamental principle underlying judicial review of fee applications is that excessive time spent on unnecessary tasks should be deducted).

Given the further reductions outlined above, the Court subtracts 23.50 hours. Accounting for same, along with those previously discussed, the new adjusted total becomes 21.40 hours (44.90 - 23.50).

## 2.    Novelty and Difficulty of the Questions

In the Court's estimation, the issues presented by Local 250's motion to dissolve the permanent injunction were not particularly novel, as they were previously litigated at the summary judgment stage,[12] nor were they difficult for Mr. Young given his expertise. *See Blum*, 465 U.S. at 898-99 (holding that novelty and complexity should be reflected in award); *Hensley*,

---

[12] *See also* discussion *supra*, at pgs. 6-7.

461 U.S. at 430 n.3. The Court, however, questions the timing of Local 250's motion given Mr. Young's stated objections to the union local's revised policies contained in his letters sent to Local 250's counsel before the motion was filed (*see* Docket Nos. 132-4, 132-6, 132-8), and wonders why further negotiation was not attempted before Local 250 filed its motion and Plaintiffs responded. Nevertheless, upon consideration of the novelty of the issues presented by the local's motion, as well as Mr. Young's experience, the Court agrees with Local 250 that Plaintiffs' total fee request is excessive in light of the fact that the issues were not new or novel. *Lohman v. Duryear Borough*, 574 F.3d 163 (3d Cir. 2009)(lodestar reduced based on the fact that the issues were not new or novel). The Court had already ruled at summary judgment that the local was specifically instructed on what it needed to do to comply with this Court's Order and precedent. (*See* Docket Nos. 66 and 67). When the local moved to dissolve, all Mr. Young had to do was go back to this Court's ruling and compare it with what the union local had done by way of accounting and notice. Much of that was in correspondence between the parties. (*See* Docket No. 132-2 - 132-8). Accordingly, the Court further reduces Plaintiffs' claimed hours for Mr. Young's work on the their Opposition (Docket No. 133) by 1.50 hours. This produces an adjusted total of 19.90 hours.

### 3.    Skill Requisite to Properly Challenge Local 250's Motion

As discussed above and in greater detail below, based on Mr. Young's experience in this case as well as numerous other similar matters,[13] the Court is of the opinion that the skill required to effectively challenge the local's motion to dissolve was not of such a degree as to justify the total number of hours Plaintiffs claim for Mr. Young's time. To this end, the issues raised by the local's motion were previously litigated at the summary judgment stage and,

---

[13]

*See also* discussion *infra*, at pgs. 16-17.

further, the case law applicable to the Court's summary judgment decision similarly applied to the disposition of the motion to dissolve. Thus, the Court is of the opinion that the skill required to oppose the local's motion was not especially rigorous given Plaintiffs' counsel's experience, the Court's prior rulings, and the controlling case law which has remained static during the pendency of this action. *Lohman*, 574 F.3d 163 (the skill required to obtain the results justified reducing fee award given counsel's extensive experience). Once again, the Court believes an adjustment is in order and the Court reduces Plaintiffs' claim related to the hours spent on its Opposition (Docket No. 133) by 1.0 hours, resulting in a new subtotal of 18.90 hours.

### 4.    Customary Fee & the Attorney's Experience, Reputation and Ability

Plaintiffs seek an hourly rate of $400 for Mr. Young's work. (Docket No. 135 at 50. Local 250 does not contest this rate. Nonetheless, given the Court's duty to analyze the reasonableness of the requested hourly rate, *see SPIRG*, 842 F.2d at 1448, the Court now turns to this portion of its analysis.

As the party seeking the fees, Plaintiffs "bear[] the burden of establishing by way of satisfactory evidence, in addition to [the] attorney's own affidavits..." that the requested rate is reasonable. *Kurschinske*, 2008 U.S. Dist. LEXIS 76281, at *8 (citing *Interfaith*, 426 F.3d at 708)(other citations omitted). In addition to his own affidavit,[14] Mr. Young previously provided the Court with affidavits of other practitioners supportive of the requested hourly rate with Plaintiffs' fee petition filed on March 3, 2009, but he did not submit similar affidavits with the

---

[14]    Mr. Young's affidavits demonstrate that he is a graduate of Emory University School of Law, a national practitioner in the field of union law and was lead counsel in 16 prior cases involving similar legal issues. (Docket No. 94-2 at 1-2). He is a published author and currently holds an "AV" rating from the Martindale-Hubbell[SM] Ratings system. (*Id*. at 5).  While this is Mr. Young's first appearance before this Court, his own affidavits provided to the Court (Docket Nos. 94-2 and 135-2) and the Court's review of his prior cases reveal that Mr. Young has been practicing in the field of union and labor law for over 20 years. (*Id*.).

instant petition.[15] (*See* Docket Nos. 94-2, 94-6, 94-8, 135-2).  Unlike the situation presented in *Kurschinske* where the prevailing party's counsel, Susan Mahood, Esquire, supplied only her own affidavit, given the affidavits previously filed in this action, this Court can evaluate the reasonableness of a requested rate of $400 by Mr. Young for this case. *Kurschinske*, 2008 U.S. Dist. LEXIS 76281 at *8-9 (court reduced requested rate where plaintiffs failed to submit evidence other than the affidavit of plaintiff's lead counsel.). Based on the Court's familiarity[16] with the market rate for employment, labor and civil rights litigation in the Western District of Pennsylvania as well as the affidavits previously submitted in support of Plaintiffs' initial fee petition (Docket Nos. 94-2; 94-6; 94-7; 135-2), the Court finds that a rate of $400.00 per hour for Mr. Young's services is reasonable in light of his education, experience, and reputation.

The Court has previously awarded fees at the rate of $400 for an attorney practicing employment law with comparable experience. *See Lining v. Temporary Personnel Servs.*, Civ. A. No. 07-1724, 2008 WL 2996871 (W.D. Pa. July 31, 2008); *see also Risk v. Burgettstown Borough, Pennsylvania*, Civ. A. No. 05-1068, Docket No. 134 at 4 (W.D. Pa. July 3, 2008). Furthermore, as noted above, Local 250 has not objected to the requested rate, therefore the Court "may not exercise its discretion to adjust the rate downward." *Ridley v. Costco Wholesale*

---

[15] Mr. Young supplied the affidavits of two employment and civil rights attorneys both with over thirty years experience: Martin J. Saunders, Esquire, a partner in the Pittsburgh office of Jackson Lewis LLP (Docket No. 94-6); and Timothy P. O'Brien, Esquire, a sole practitioner. (Docket No. 94-7). Both Mr. Saunders and Mr. O'Brien reviewed Mr. Young's affidavit as well as documents filed by Mr. Young in this case and, based on their experience and knowledge, opined that his work and skills as a civil rights labor litigator are high. (Dockets Nos. 94-6 and 94-7). Thus, both affiants believe that a rate of $400 per hour for the work performed by Mr. Young in this case is "entirely reasonable" given his skills, qualifications, experience and the prevailing market rates in Pittsburgh.  (*Id.*).

[16] Prior to coming on to the bench, I spent thirty years in private litigation practice, including civil rights and some employment cases. Given that and my management roles at two Pittsburgh medium-sized law firms, I believe I have significant knowledge about prevailing market rates in this legal community.

*Corp.*, 217 F. App'x 130, 139 (3d Cir. 2007). Therefore, the Court will use the rate of $400 in determining Mr. Young's fee.

### 5.    Amount Involved and the Results Obtained

As discussed, Plaintiffs request a total fee award of $17,960 for 44.90 hours and costs in the amount $525.64, totaling $18,485.64. The Court has reduced the number of chargeable attorney hours to 18.90, resulting in an adjusted total fee award of $7,560. Regarding the results obtained, Plaintiffs are the prevailing party as the Court denied, without prejudice, the local's motion to dissolve. (Docket No. 139). In evaluating the reasonableness of Plaintiffs' total fee request, the Court is mindful of the fact that both Local 250 and Plaintiffs made concessions regarding their positions on the motion to  dissolve. (*Id.* at 6-7); *see Singer Mgmt. Consultants v. Milgram*, 608 F.Supp.2d 607, 612 (D.N.J. 2009)(citations omitted)(a plaintiff does not become a "prevailing party" solely because the case causes a voluntary change in the defendant's conduct). Thus, in accordance with the preceding analysis, the Court finds that the amounts involved and results obtained justify the previously calculated reduction in fees. *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226 (3d Cir. 2008); *Rode*, 892 F.2d at 1183.

### 6.    "Undesirability" of the Case

Given the current status of the economy in the United States and its negative impact on the legal profession, the Court finds no reason to conclude that an employment and labor law specialist would consider the instant case undesirable. To this end, as a result of the Court's research during the litigation of this case, the Court is aware of the volume of cases that have been brought challenging labor unions' *Hudson* notices and procedures. *See, e.g. Otto v. Pa. State Educ. Ass'n.*, 330 F.3d 125, 129 (3d Cir. 2003); and *Mitchell v. City of Phila.*, Civ. A. No. 08-4230, 2009 U.S. App. LEXIS 19479 (3d Cir. Aug. 31, 2009)(listing similar cases). However,

because the Court is without specific information as to this factor, namely whether there were lawyers who had previously declined to represent Plaintiffs before they found counsel to prosecute the case, this factor does not affect the Court's ultimate award of attorney's fees.

### 7.      Awards in Similar Cases

While the parties have not presented any information to the Court concerning fee awards in similar cases, as discussed in detail above, the Court does recall that the parties settled to their satisfaction Plaintiffs' interim fee request filed on March 3, 2009 (*see* Docket No. 94) for 43% less than the original demand. The Court considers this previous fee payment to Plaintiffs in evaluating the reasonableness of the Plaintiffs' supplemental fee petition. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2nd Cir. 2007)(fees charged for similar work by attorneys of like skills should be considered in determining reasonableness of a fee award)(citations omitted).

### 8.      Remaining *Hensley* Factors

The remaining *Hensley* factors include the following: preclusion of employment by the attorney due to acceptance of the case; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; and the nature and length of the professional relationship with the client.  *Hensley*, 461 U.S. at 430 n.3. Because these factors either do not apply to the motion before the Court or because the Court is without relevant information to address the same, the Court will not analyze these remaining factors in the instant case.

### B.      *Additional Considerations*

In further evaluating the reasonableness of the fee award, the Court is mindful that the impact of a fee award ordered by this Court will ultimately fall on the individual members of the union. *See Barrett v. W. Chester Univ.*, 636 F.Supp.2d 439, 445-46 (E.D. Pa. 2009)(after

calculating number of hours and rate per hour in a civil rights action, the court reduced the award because it did not fairly reflect the fact that the students of the university would ultimately be responsible). To this end, the Court has already ruled that Local 250 may not charge the nonmembers for legal fees incurred in this case. (Docket No. 139 at 13). While a court may not consider a nonprevailing party's ability to pay a fee in deciding whether to award fees in the first instance, the relative wealth of a party may be a valid factor in determining the amount of fees to be awarded. *Barrett*, 636 F.Supp.2d at 445 (citations omitted); *Moore v. County of Muskegon*, Civ. A. No. 93-236, 1993 U.S. Dist. LEXIS 18879, at *7 (W.D. Mich. Dec. 14, 1993).  In the same vein, in *Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1159 (2nd Cir. 1994), the Court of Appeals for the Second Circuit noted that, in the context of a union fair representation case, a district court retains the authority to ensure that excessive fees are not assessed against the non-prevailing party. *Cruz*, 34 F.3d at 1161 (citing *Jennette*, 800 F.Supp.at 1170). Here, Gary Pedicone, Secretary-Treasurer and Principal Officer of Local 250, in an affidavit of record, affirmed that Local 250's only source of income is from union members and employees covered by Local 250's labor agreements in the form of dues, financial core fees, fair share fees, assessments and fines.[17] (Docket No. 19-2 at 2).

## CONCLUSION

Earlier in this litigation, in their interim fee petition (Docket No. 94), Plaintiffs claimed that Mr. Young expended 65 hours for the motion for preliminary injunction; 117.40 hours for the motion for summary judgment, and 22.80 hours for the interim fee petition. (Docket No. 94 at 6). According to Plaintiffs' interim petition, as of March 3, 2009 Mr. Young had incurred

---

[17]

Along these lines, Local 250 argued in opposition to Plaintiffs' motion for preliminary injunction (Docket No. 4) that even the escrow of Plaintiffs' fair share fees caused financial harm to the union. (Docket No. 20 at 11; *see also* Docket Nos. 15 and 16).

$152,200 in fees. Plaintiffs' final attorney's fees demand as of April 20, 2009 was $162,318.20, which Plaintiffs ultimately settled for $93,000. This amounted to an approximate 43% reduction in fees.  Plaintiffs' instant fee petition and supplemental declaration yield a request for fees based on 44.90 hours - almost twice the earlier petition. The Court recognizes that its reduction of the award of $18,485.64 to $7,560 equals an approximate overall reduction of 59%. *See Barrett*, 636 F.Supp.2d at 439 (reducing lodestar by a percentage does not create a manifest injustice).  Yet, the Court finds such reduction warranted for the reasons set out above. *People Against Police Violence*, 520 F.3d 226 (district court justifiably calculated fee award according to opposing party's objection based on excessiveness, and redundancy); *Salazar v. District of Columbia*, 557 F.Supp.2d 147 (D.C. 2008)(same).

The Court affirms the local's argument that the requested fees are excessive and redundant generally, *People Against Police Violence*, 520 F.3d 226, and specifically, in regard to certain enumerated charges. *Hensley*, 461 U.S. at 430 n.3. As a result, the Court exercises its discretion to reduce the fees and costs as requested by Plaintiffs. It does so in accordance with the previously calculated reductions, which are as follows:

| Task | Hours Awarded |
|---|---|
| Review of correspondence from Local 250 (Docket No. 132-4 132-6, 132-8) | 1.30 |
| Review of attachments to the local's motion to dissolve (Docket Nos. 132-3 - 132-9) | 2.00 |
| Review of local's motion to dissolve (Docket No. 132) | 0.30 |
| Prepare, research, work on, finalize and file Plaintiffs' opposition to union's motion to dissolve (Docket No. 133) | 7.50 |
| Research for and work on Plaintiffs' supplemental motion for fees and costs (Docket No. 135) | 1.50 |
| Prepare for and travel to and from Pittsburgh for | 0.00 |

November 23, 2009 argument

| | |
|---|---|
| Prepare for and attend the oral argument | 3.25 |
| Research for and prepare Plaintiffs' supplemental submission for the Court (Docket No. 141) | 1.80 |
| Review of the Court's Memorandum Opinion on the local's motion to dissolve (Docket No. 139), email from law clerk, and prepare formal supplemental submission to be filed on the docket (Docket No. 141) | 1.25 |
| Prepare supplemental declaration in support of | 0.00 |
| TOTAL NUMBER OF HOURS:<br>x Hourly Rate | 18.90<br>x  $400 |
| TOTAL AWARD: | $7,560.00 |

The Court thus awards Plaintiffs the following: legal fees in the amount of $7,560 due to W. James Young, Esquire[18] for his services in contesting the Motion to Dissolve and bringing the instant Supplemental Motion for Attorney's Fees, Costs, and Expenses. The Court believes that this award of $7,560 in counsel fees provides a reasonable balance between the parties' competing interests. *Barrett*, 636 F.Supp.2d at 446. Accordingly, the Court **GRANTS** Plaintiffs' Supplemental Motion for Attorney's Fees, Costs and Expenses (Docket No. 135) but with relief different than that requested.  An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dates:          December 22, 2009
cc/ecf:         All counsel of record.

---

[18]    Per the parties' settlement agreement which resolved Plaintiffs' earlier fee petition (Docket No. 94), Defendants agreed to pay Plaintiffs' attorney's fees and costs by check made payable to "National Right to Work Legal Defense Foundation, Inc.," with delivery of same directly to Mr. Young.